UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLES A. KENT,

        Plaintiff,

v.

OFFICE OF HUMAN RESOURCES
MANAGER, DC COOK NUCLEAR
POWER PLANT,

        Defendant.
                              /

Case No. 1:12-cv-176

Hon. Robert J. Jonker

## REPORT AND RECOMMENDATION

This is a civil action brought by a *pro se* plaintiff against "Office of Human Resources Manager, DC Cook Nuclear Power Plant." This matter is now before the court on defendant's motion for sanctions (docket no. 35) and plaintiff's response to the motion, which included a "motion for a protective order" (docket no. 37).

**I.**     **Background**

**A.**     **Plaintiff's Complaint**

Plaintiff filed this complaint in the United States District Court for the Northern District of Georgia on November 23, 2011. *See* Compl. (docket no. 1-1). Plaintiff utilized a form "Title VII Complaint" for the Northern District of Georgia and identified defendant as "Office of Human Resources Manager DC Cook Nuclear Power Plant." *Id.* Plaintiff brought this claim "pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination" and included a handwritten statement that he was also bringing this action pursuant to "NRC Regulation 10 CFR Section 4.11, NRC Regulation 10 CFR Section 4.335." *Id.* Plaintiff alleged that the acts complained

of involved the following "Access Authorization not granted because of racial discrimination and laid off instead of being able to work the outage [sic] because of this discrimination." *Id.* Plaintiff alleged that the dates of his employment "were 09/29/2010 thru 10/13/2010" and that was he was "not presently employed by the defendant." *Id.* Plaintiff further alleged that "[t]he reasons plaintiff was given for termination of employment is/are: . . . (2) plaintiff was laid off." *Id.*

While plaintiff alleged that he was employed by "Office of Human Resources Manager, DC Cook Nuclear Power Plant" from 9/29/10 through 10/13/10, there is no evidence in the court record that plaintiff was ever employed by this entity, or, for that matter, that any such entity exists. Although not properly named as a defendant, Indiana Michigan Power Company (IMPC), has actively defended this action in its capacity as the owner of the DC Cook Nuclear Power Plant located in Bridgman, Michigan. *See* Answer (docket no. 9). For purposes of this motion, while the docket sheet refers to IMPC as an "interested party," the court will sometimes refer to IMPC as "defendant".

Furthermore, contrary to plaintiff's allegations, documents filed with the IMPC motion for summary judgment reflect that plaintiff worked for a contractor which was not a party to this litigation. In a document dated September 22, 2010, entitled "Personal History Questionnaire (PHQ) for Unescorted Access to Cook Nuclear Plant," plaintiff stated that his current employer was "BSE Industrial Contractors" and he had the job position of "Union Journeyman Ironworker." *See* PHQ (docket no. 25-2).

**B.    Plaintiff's history in this litigation**

Plaintiff's action was transferred to this court on February 28, 2012. *See* Transfer and Notice (docket nos. 4 and 6). Plaintiff was granted leave to proceed *in forma pauperis* on March

2, 2012. *See* Order (docket no. 7). IMPC answered the complaint on April 23, 2012. Plaintiff filed an unauthorized "Response to defendant's answer" on May 1, 2012. *See* Response (docket no. 11).

On May 15, 2012, plaintiff filed a document entitled "Notice of Tentative Retainment of Counsel," stating that he had "tentatively retained competent legal counsel" (Attorney Michael Maddoloni) who will be representing him "immediately upon resolution of a few remaining issues between plaintiff and counsel." *See* Notice (docket no. 12). However, Mr. Maddoloni's appearance was never filed. On July 18, 2012, nearly two months after plaintiff said he would be retaining counsel, the court scheduled a Rule 16 conference to be held on August 7, 2012. *See* Order (docket no. 13). This should have allowed plaintiff sufficient opportunity to resolve his issues with his prospective attorney. A few weeks later, however, plaintiff filed a "Motion to have tentative counsel appointed counsel by the court." *See* Motion (docket no. 14). In this motion, plaintiff stated that he received the court's order scheduling the Rule 16 conference, and asked the court to appoint his desired "tentative counsel" as his counsel in the case and, rather remarkably, to "make arrangements" to pay Mr. Maddoloni's fee of $15,000.00. *Id.* The court rescheduled the Rule 16 conference to August 29, 2012, but denied plaintiff's motion to appoint Mr. Maddoloni as his counsel. *See* Notice (docket no. 15) and Order (docket no. 17).

Plaintiff failed to appear at the Rule 16 scheduling conference. *See* Minutes (docket no. 19); Fed. R. Civ. P. 16(f) (allowing sanctions if a party fails to appear at a scheduling conference). Nevertheless, the court entered a case management order on August 30, 2012 to allow the case to proceed. *See* Case Management Order (docket no. 20).

3

Plaintiff subsequently attempted to file discovery papers with the court contrary to court rules. These papers were returned to him in a letter dated September 17, 2012. *See* Letter (docket no. 21).

IMPC filed a motion to dismiss or for summary judgment on October 19, 2012. *See* Motion (docket no. 24). On November 15, 2012, plaintiff filed a "Motion for revised briefing schedule" for IMPC's motion, stating that he was "working on the road" and provided a new address in Joplin, Missouri. *See* Motion (docket no. 27). Plaintiff accused IMPC of not acting in "good faith" and that he did not receive the motion for summary judgment via e-mail from IMPC and that he had "serious questions as to why Defendant(s) are filing summary motion to dismiss". *Id.* The court denied plaintiff's motion for a revised briefing schedule, pointing out that plaintiff was aware of defendant's intent to file the motion as evidenced by a string of emails exchanged between the parties, that defendant could file a dispositive motion at any time, and that plaintiff could request further time to respond pursuant to Fed. R. Civ. P. 56(d).[1] *See* Order (docket no. 29).

On January 2, 2013, plaintiff filed his "Motion for continued 14th & 5th Amendment oversight." *See* Motion (docket no. 32). In this motion, plaintiff pointed out that "he is familiar with the Federal Rules of Civil Procedure from his previous numerous filings within the 11th Circuit

---

[1] The court also advised plaintiff of his options under Fed. R. Civ. P. 56(d)

> If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:
>
> (1) defer considering the motion or deny it;
>
> (2) allow time to obtain affidavits or declarations or to take discovery; or
>
> (3) issue any other appropriate order.

*See* Order (docket no. 29).

4

Court of Appeals," sought to enforce his "fundamental right of procedural due process" under *Miranda v. Arizona*, 384 U.S. 436 (1966) and *Powell v. Alabama*, 287 U.S. 45 (1932), pointed out that procedural due process is not present in this case, and that he has placed the Court and defendant on notice of a Fed. R. Civ. P. 56(d) filing. *Id.* Plaintiff did not file a response to defendant's motion to dismiss or an affidavit or declaration which meets the requirements of Fed. R. Civ. P. 56(d).

Defendant moved for sanctions on February 6, 2013. Defendant first contends that plaintiff is subject to sanctions for violating Fed. R. Civ. P. 16 by failing to appear at the scheduling conference and failing to obey the scheduling order. *See* Motion for sanctions (docket no. 36). Pursuant to the Case Management Order, plaintiff was required to serve his initial Rule 26(a)(1) Disclosures and Expert Witness Disclosures, together with a "short summary of expected testimony" on or by September 15, 2012. *See* Case Management Order (docket no. 20 at p. 1). Plaintiff served an expert witness disclosure on September 13, 2012, naming James Heller of the Nuclear Regulatory Commission. *See* Witnesses (docket no. 36-1). However, the disclosure was deficient because it did not include a short statement of the expert witness' expected testimony as required by the Case Management Order. *Id.*; Case Management Order (docket no. 20 at p. 1). In addition, defendant states that plaintiff has not filed any disclosure of lay witnesses or documents, nor has he provided any estimate of damages, as required by Rule 26(a)(1)(A), (B) and (C). Plaintiff did not respond to any of these alleged deficiencies.

Second, defendant seeks dismissal of plaintiff's lawsuit pursuant to Fed. R. Civ. P. 37(d) because plaintiff failed to attend his deposition, which was noticed on January 2, 2013, and

5

scheduled for January 31, 2013. *See* Notice of Deposition (docket no. 36-2). Plaintiff refused to attend the deposition, advising defendant in an e-mail dated January 25, 2013 as follows:

> Pursuant to F.R.Civ. Procedure 26(b)(1)(2)(c) I will not be making an appearance at such deposition. First the attached documents are not being downloaded, I did receive a notice of deposition via US Mail dated January 2, 2013 and it is my determination that it constitutes nothing more than a fishing expedition and is not intended to obtain relevant discovery, it is intended for purposes of harassment and I pursuant to my rights I will not be in attendance. You have the option under the aforementioned cites to motion the Court for my attendance. I will not be there.

*See* E-mail (docket no. 36-3). Plaintiff did not seek a protective order.

Defendant's counsel responded in an e-mail dated January 29, 2013, advising plaintiff that counsel intended to proceed with his deposition:

> I am in receipt of your email regarding your deposition, which is scheduled for this Thursday. Absent an Order from the Court, we intend to proceed with the deposition, as scheduled. If you change your mind, and decide to attend the deposition, please let us know.

*See* E-mail (docket no. 36-4).

Defendant proceeded with the deposition on January 31, 2013. *See* Dep. Trans. (docket no. 36-6). Plaintiff neither appeared nor produced the requested documents. *Id.*

In an e-mail dated February 1, 2013, plaintiff advised defendant of his continued refusal to be deposed:

> Once again at this point if you want me to participate in your deposition you will have to make a motion before the Court and let the Honorable Court decide.

*See* E-mail (docket no. 36-6).

Plaintiff filed an untimely response to the motion for sanctions, which included a handwritten addition to the title of "Motion for a protective order." *See* Motion (docket no. 37). Plaintiff's motion for a protective order is essentially a response to defendant's motion for sanctions

6

and will be treated as such. Plaintiff's request for a protective order is based upon a frivolous claim that he "is not the most relevant source of discovery sought" and that defendant's request for his deposition does not comply with Fed. R. Evid. 401(a) and (b) ("Test for Relevant Evidence") and Fed. R. Evid.403 ("Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons"). *Id.* Plaintiff's position - that he can initiate a lawsuit against defendant, that he can then refuse to be deposed or documents, and that his own testimony as the aggrieved employee is not relevant - is an untenable position which underscores plaintiff's disregard for the legal process in this case. Plaintiff does not, however, dispute defendant's statement and evidence with respect to his failure to comply with Fed. R. Civ. P. 26's disclosure requirements or his failure to attend his deposition.[2]

The court scheduled defendant's motion for sanctions and plaintiff's motion for a protective order for hearing on May 1, 2013. The notice of hearing, mailed to plaintiff on April 12, 2013, contained the following language:

> Plaintiff is further notified that failure to show good cause for not allowing his deposition to be taken and/or for not appearing at these motion hearings may lead to dismissal of this action without further proceedings. *See*, W.D. Mich. LCivR 41.1.

*See* Notice (docket no. 41).

On the eve of the hearing, on April 29, 2013, plaintiff filed a "Motion for a continuance" which this court denied as failing to state good cause for the continuance. *See* Order (docket no. 45).

---

[2] While plaintiff asserts that "he **never** received defendant's October 19, 2012 motion to dismiss," *id.* (emphasis in original), this assertion, even if true, is a separate issue from his failure to comply with the case management order and his refusal to be deposed.

### II. IMPC's motion for sanctions

The record reflects that since filing this action, plaintiff has failed to actively prosecute this matter, that he has engaged in dilatory tactics, failed to follow court orders, and filed nonsensical or frivolous motions. Defendant seeks sanctions against plaintiff pursuant to Fed. R. Civ. P. 16(f) for failing to comply with the Case Management Order and pursuant to Fed. R. Civ. P. 37(d) for failing to appear at his deposition. In addition, the court will address plaintiff's failure to prosecute this action this matter pursuant to W.D. Mich. LCivR 41.1.

#### A. Sanctions under Fed. R. Civ. P. 16(f)

#### 1. Legal standard

Fed. R. Civ. P. 16(f) provides for the issuance of sanctions as follows:

**(1) In General.** On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:

**(A)** fails to appear at a scheduling or other pretrial conference;

**(B)** is substantially unprepared to participate--or does not participate in good faith--in the conference; or

**(C)** fails to obey a scheduling or other pretrial order.

**(2) Imposing Fees and Costs.** Instead of or in addition to any other sanction, the court must order the party, its attorney, or both to pay the reasonable expenses--including attorney's fees--incurred because of any noncompliance with this rule, unless the noncompliance was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 16(f).

The sanctions available under Fed. R. Civ. P. 16(f) include: prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings

8

until the order is obeyed; dismissing the action or proceeding in whole or in part; rendering a default judgment against the disobedient party; or treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination. *See* Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii).

### 2. Discussion

Defendant has established that plaintiff violated the Case Management Order by failing to appear at the Rule 16 conference and failing to properly disclose his lay and expert witnesses. Plaintiff's conduct is subject to sanctions under Fed. R. Civ. P. 16(f). While the court did not sanction plaintiff immediately after his failure to attend the Rule 16 Conference on August 29, 2012, that action is sanctionable and will be considered at this time. The record reflects that discovery closed on March 1, 2013. Because plaintiff did not properly disclose witnesses as required by the Case Management Order, and did not appear for his deposition, the court finds that an appropriate sanction would be to preclude plaintiff from presenting any lay witnesses or expert witnesses, including his own testimony. In addition, defendant is entitled to reasonable attorneys' fees and costs related to this motion.

### B. Sanctions under Fed. R. Civ. P. 37(d)(1)(A)(i)

### 1. Legal standard

Fed. R. Civ. P. 37 provides in pertinent part that:

> The court where the action is pending may, on motion, order sanctions if: (i) a party . . . fails, after being served with proper notice, to appear for that person's deposition[.]

9

Fed. R. Civ. P. 37(d)(1)(A)(i). Sanctions may include any of the orders listed in Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi), which include: directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims; prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence; striking pleadings in whole or in part; staying further proceedings until the order is obeyed; dismissing the action or proceeding in whole or in part; or rendering a default judgment against the disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(i)-(vi). "Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(d)(3).

### 2. Discussion

The record reflects that plaintiff refused to attend his deposition without a court order. This attitude expressed by plaintiff is contrary to the rules relating to discovery in federal civil litigation. Plaintiff cannot file a lawsuit in federal court and then blatantly refuse to follow basic procedural rules or rules of discovery. The Sixth Circuit addressed this issue in *Woodson v. Morris*, No. 94–6608, 1995 WL 692543 (6th Cir. Nov.17, 1995). In *Woodson*, the court observed that the plaintiff had adequate advance notice of the date of the deposition, but wilfully refused to participate in the deposition. *Woodson*, 1995 WL 692543 at *1. The Court held that the district court could properly grant the defendant's motion to dismiss Woodson's civil rights action pursuant to Fed.R.Civ.P. 37 and 41(b), stating in pertinent part:

> Upon review, we conclude that the district court did not abuse its discretion in dismissing the case as a sanction for Woodson's failure to attend his deposition.

> *See Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 551 (6th Cir.1994). Although Woodson had adequate advance notice of the date of the deposition, he still refused to participate in the deposition. In light of this willful refusal to attend the deposition, the district court properly sanctioned Woodson by dismissing his case. *See Little v. Yeutter*, 984 F.2d 160, 162 (6th Cir.1993) (clear record of delay and contumacious conduct sufficiently supports sanction of dismissal).

*Id.* As discussed, plaintiff failed to provide any justifiable explanation for his failure to sit for his own deposition in this employment discrimination case. Plaintiff is entitled to his day in court, but of course he must appear for it. In light of plaintiff's willful refusal to allow himself to be deposed, defendant is entitled to a sanction in the form of the dismissal of plaintiff's action. In addition, defendant is entitled to reasonable attorneys' fees and costs related to this motion.

### C. Failure to prosecute under W.D. Mich. LCivR 41.1 and Fed. R. Civ. P. 41(b)

#### 1. Legal standard

Finally, the court will consider plaintiff's failure to prosecute this action pursuant to Fed. R. Civ. P. 41(b) and W.D. Mich. LCivR 41.1. As discussed, the court advised plaintiff that his failure to show good cause for not allowing his deposition to be taken and/or for not appearing at these motion hearings might lead to dismissal of this action without further proceedings. The notice referenced W.D. Mich. LCivR 41.1, which provides that:

> A judicial officer may issue an order to show cause why a case should not be dismissed for lack of prosecution or for failure to comply with these rules, the Federal Rules of Civil Procedure, or any court order. If good cause is not shown within the time set in the show cause order, a district judge may enter an order of dismissal with or without prejudice, with or without costs. Failure of a plaintiff to keep the Court apprised of a current address shall be grounds for dismissal for want of prosecution.

W.D. Mich. LCivR 41.1. *See also* Fed. R. Civ. P. 41(b), which provides in relevant part that ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to

dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.")

        **2.**    **Discussion**

The record in this case reflects that plaintiff has exerted little effort to prosecute this action. Plaintiff filed this action in the Northern District of Georgia on November 23, 2011. After the action was transferred to this district, plaintiff delayed the proceedings by advising the court that he had "tentatively" retained an attorney. When he could not reach an agreement with the attorney, plaintiff took the novel approach of asking this court to pay that attorney $15,000.00 to represent him in this civil litigation. As an accommodation to plaintiff, the court rescheduled the Rule 16 conference, but he did not appear. Plaintiff also failed to disclose witnesses as required by the case management order. Then plaintiff flatly refused to attend his deposition and to provide defendant with requested documents. While plaintiff acknowledges that he is well aware of the Federal Rules of Civil Procedure, based upon his experience in the 11th Circuit, he has failed to follow those rules in this action and has subjected both defendant and the court to a series of unjustifiable delays and court filings ranging from nonsensical to frivolous. Plaintiff has been advised that his failure to respond to defendant's motion and/or appear at the motion hearing could lead to dismissal without further proceedings. Plaintiff received the notice required by W.D. Mich. LCivR 41.1, but failed to respond. Rather, he sought without basis to delay the motion hearing by sending a last-minute motion for a continuance. Viewing the record as a whole, it appears that plaintiff's actions amount to, at the minimum, a lack of prosecution, and at worse, a deliberate attempt to cause the defendant to expend time and money on a meaningless goose-chase of a case plaintiff has no real intent to litigate.

12

## V. RECOMMENDATION

For these reasons, I respectfully recommend that defendant's motion for sanctions (docket no. 35) be **GRANTED** and that plaintiff's motion for a protective order (docket no. 37) be **DENIED**.

I further recommend that plaintiff's action be **DISMISSED** pursuant to Fed. R. Civ. P. 37(d)(1)(A)(i) for his failure to attend his deposition and that defendant be awarded attorneys' fees and costs.

In the alternative, I recommend that plaintiff's action be **DISMISSED** for lack of prosecution pursuant to W.D. Mich. LCivR 41.1 and Fed. R. Civ. P. 41(b) and that defendant be awarded attorneys' fees and costs.

In the alternative, I recommend that plaintiff be **BARRED** from calling any lay witnesses or expert witnesses pursuant to Fed. R. Civ. P. 16(f), including presenting his own testimony, and that defendant be awarded attorneys' fees and costs.


Dated: June 20, 2013                /s/ Hugh W. Brenneman, Jr.
                                    HUGH W. BRENNEMAN, JR.
                                    United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).